Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50477 | **DATE** | 1/8/2002 |
| **CASE TITLE** | U.S.A. vs. WILLIAM SHEROD SIMPSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the section 2255 motion is summarily dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✗ | Notices mailed by judge's staff. | JAN 10 2002 date docketed | 3 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1-9-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

William Sherod Simpson, a federal prisoner serving a 157-month sentence for conspiracy to possess with intent to distribute cocaine entered upon his plea of guilty, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. His motion summarily raises three issues: (1) denial of effective assistance of counsel in that his plea of guilty was unlawfully induced, was involuntary, and not knowingly made as to the nature of the charges and consequences of the plea; (2) denial of effective assistance of counsel as the conviction was obtained by use of a coerced confession; and (3) _Apprendi_ error as he was sentenced to a term beyond the maximum allowable as the amount of drugs was not charged in the indictment or found by the jury. No direct appeal has been taken. Although Judge William J. Hibbler presided at the guilty plea hearing which was taken in Chicago due to Simpson's medical condition, the case was assigned to this court and Simpson was sentenced by this court. Accordingly, under section 2255 the present motion is before this court as the sentencing judge.

In his written plea agreement, Simpson waived the right to appeal any sentence within the maximum provided by statute and his right to challenge his sentence by collateral attack under section 2255. While a defendant does not waive his right of review of the voluntariness of the plea, see _United States v. Jeffries_, 265 F.3d 556 (7th Cir. 2001), the transcript of the Rule 11 proceeding before Judge Hibbler shows compliance with the rule and Simpson's knowing and voluntary plea of guilty. Simpson's nonspecific claims do not support an involuntary plea or ineffective assistance of counsel concerning his guilty plea. Simpson's second claim of a coerced confession leading to his conviction, although couched under the ineffective assistance of counsel, is waived both by his guilty plea and by his plea agreement as there is no showing of ineffective assistance in connection with negotiating the agreement. See _Mason v. United States_, 211 F.3d 1065 (7th Cir. 2000). Finally, notwithstanding this same waiver respecting any sentencing error, there is no valid _Apprendi_ issue as Simpson was charged by indictment with possession with intent to distribute approximately 1000 grams of cocaine and was sentenced to 157 months which is well within the statutory 40-year maximum for that quantity of cocaine, see 21 U.S.C. § 841(b)(1)(B)(ii)(I), and that amount and additional amounts of cocaine base as relevant conduct were admitted by Simpson in his plea agreement.

The section 2255 motion is summarily dismissed.